**SEALED**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 MAY -4  PM 3: 18

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| United States ex rel.<br>JOHN H. DENENEA, JR.,<br>  Relator<br><br>Bringing this Action on Behalf of<br>THE UNITED STATES OF AMERICA,<br>  Plaintiff<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY,<br>  Defendant | CIVIL ACTION<br><br>CASE NO. **07-2795**<br><br>SECT.<br><br>MAG. DIV.<br><br>JURY DEMAND **SECT. J MAG. 1** |

## *QUI TAM* COMPLAINT

*Filed* in Camera *Under Seal Pursuant to 31 U.S.C. § 3730(b)(2)*

NOW INTO COURT, through undersigned counsel, comes *qui tam* relator John H. Denenea, Jr., in the name of the United States Government as plaintiff, who respectfully represents:

1.

Relator is John H. Denenea, Jr. ("Denenea"), an individual domiciled in the Parish of Jefferson, State of Louisiana and a United States citizen who brings this civil action for violations of 31 U.S.C. § 3729(a)(1) and (2) for himself as relator and for the United States Government (the "Government") as plaintiff pursuant to 31 U.S.C. § 3730(b)(1).

Page -1-

___ Fee $350
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

**2.**

Made defendant is Allstate Insurance Company ("Allstate"), an insurance company authorized to engage in the insurance business under the laws of all fifty States with its principal place of business in Northbrook, Illinois.

**3.**

This action arises under the False Claims Act, 31 U.S.C. § 3729 *et seq.*, and this Court has original subject matter jurisdiction based on 28 U.S.C. § 1331 and 31 U.S.C. § 3732(a).

**4.**

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and 31 U.S.C. § 3732(a) because Allstate transacts business and resides in this district and has committed acts proscribed by 31 U.S.C. § 3729 in this district.

**5.**

Allstate and the Government are parties to a "Financial Assistance/Subsidy Arrangement," 44 CFR, Part 62, Appendix A (the "FASA"), entered into under the National Flood Insurance Program, 44 CFR § 59.1 *et seq.* ("NFIP"), pursuant to regulations promulgated by the Federal Insurance Administration ("FIA") by authority of the National Flood Insurance Act, 42 U.S.C. § 4001 *et seq.* (the "Act").

**6.**

Pursuant to the FASA, Allstate is a Write-Your-Own ("WYO") Company under "the Write-Your-Own Program whereby participating private insurance companies act in a fiduciary capacity utilizing Federal funds to sell and administer the Standard Flood Insurance Policies." 44 CFR, Part 62, Appendix A, Preamble.

**7.**

Whereas claims under Standard Flood Insurance Policies sold by Allstate are paid utilizing Federal funds, claims under homeowners insurance policies sold by Allstate are paid utilizing Allstate's own funds.

**8.**

Prior to August 29, 2005, Allstate sold Standard Flood Insurance Policies to thousands of policyholders also insured by Allstate under its own property business lines of insurance, including Merryl D. Weiss, wife of/and Robert U. Weiss, Jr., M.D. (the "Weisses"), Guy Smith ("Smith"), and Farrell Johnson ("Johnson").

**9.**

On August 29, 2005, Hurricane Katrina caused catastrophic combined wind and flood damage to thousands of properties situated along the Gulf Coast insured by both Standard Flood Insurance Policies and homeowners insurance policies sold by Allstate, including insured properties owned by the Weisses at 13 Treasure Isle, Slidell, Louisiana, Smith at 1546 Marina Drive, Slidell, Louisiana, and Johnson at 286 Marina Drive, Slidell, Louisiana.

**10.**

The FASA requires Allstate to "investigate, adjust, settle and defend all claims or losses arising from policies issued under this Arrangement. Payment of flood insurance claims by the Company shall be binding upon the FIA." 44 CFR, Part 62, Appendix A, Art. II(F).

**11.**

In adjusting and settling the Weisses' claims under their homeowners policy and Standard Flood Insurance Policy for combined wind and flood damage to their insured property at 13

Treasure Isle, Allstate, unbeknownst to the Weisses, knowingly fabricated a "Proof of Loss" form, a "Property Loss Worksheet," and other documents and information which substantially inflated the amount of the Weisses' flood insurance claim at the expense of the Government, while at the same time enriching Allstate by substantially deflating the amount of the Weisses' homeowners insurance claim.

**12.**

In adjusting and settling Smith's claims under his homeowners policy and Standard Flood Insurance Policy for combined wind and flood damage to his insured property at 1546 Marina Drive, and Johnson's claims under his homeowners policy and Standard Flood Insurance Policy for combined wind and flood damage to his insured property at 286 Marina Drive, Allstate, unbeknownst to Smith and Johnson, knowingly estimated Smith's and Johnson's losses utilizing substantially inflated replacement cost values for items comprising their flood insurance claims at the expense of the Government, while at the same time enriching Allstate by substantially deflating replacement cost values for identical items comprising their homeowners insurance claims.

**13.**

Allstate thus knowingly presented, or caused to be presented, to the Administrator of the FIA and other officers and employees of the Government, unbeknownst to the Weisses, Smith, and Johnson, false and fraudulent claims for substantially inflated flood insurance benefits under the Weisses', Smith's, and Johnson's Standard Flood Insurance Policies in violation of 31 U.S.C. § 3729(a)(1).

**14.**

Unbeknownst to the Weisses, Smith, and Johnson, Allstate also thus knowingly made, used, and caused to be made and used, false records and statements to get false and fraudulent claims for substantially inflated flood insurance benefits under the Weisses', Smith's, and Johnson's Standard Flood Insurance Policies paid and approved by the Government in violation of 31 U.S.C. § 3729(a)(2).

**15.**

As a result of Allstate's violations of 31 U.S.C. § 3729(a)(1) and (2), the Government has been damaged because Allstate, unbeknownst to the Weisses, Smith, and Johnson, utilized Federal funds to pay false and fraudulent claims for substantially inflated flood insurance benefits under the Weisses', Smith's, and Johnson's Standard Flood Insurance Policies, and those payments are binding on the FIA.

**16.**

As an attorney licensed to practice law in the State of Louisiana who represented the Weisses, Smith, and Johnson in connection with their homeowners insurance claims against Allstate, Denenea acquired and has direct and independent knowledge of the information on which the allegations set forth herein are based, and he voluntarily provided that information to the Government before filing this action.

**17.**

On information and belief, Allstate, unbeknownst to its insureds, has engaged and engages in the practice of paying false and fraudulent claims for substantially inflated flood insurance benefits under Standard Flood Insurance Polices it sold to policyholders in addition to the Weisses, Smith,

and Johnson who were also insured by Allstate under its property business lines of insurance and whose insured properties sustained catastrophic combined wind and flood damage in 2005, but Denenea presently has no means of ascertaining the full extent to which Allstate has engaged and engages in this practice in violation of 31 U.S.C. § 3729(a)(1) and (2) except through the production of evidence thereof now in Allstate's possession and control.

**18.**

The Government presently has means of ascertaining the full extent of Allstate's violations of 31 U.S.C. § 3729(a)(1) and (2) pursuant to the FASA, which provides: "The FIA and the Comptroller General of The United States, or their duly authorized representatives, for the purpose of investigation, audit, and examination shall have access to any books, documents, papers and records of the Company that are pertinent to this Arrangement," including records of "claims paid or payable under policies issued pursuant to this Arrangement." 44 CFR, Part 62, Appendix A, Art. XIV.

**19.**

The FASA further provides: "Inasmuch as the Federal Government is a guarantor hereunder, the primary relationship between the Company and the Federal Government is one of a fiduciary nature, *i.e.*, to assure that any taxpayer funds are accounted for and appropriately expended." 44 CFR, Part 62, Appendix A, Art. XVI.

**20.**

Denenea, on behalf of himself and the Government, respectfully demands a trial by jury of all issues so triable.

WHEREFORE, Denenea, on behalf of himself and the Government, respectfully prays:

(a) That this Court enter judgment against Allstate in an amount equal to three times the amount of damages the Government has sustained as a result of Allstate's actions, plus a civil penalty of $5,000 to $10,000 for each action in violation of 31 U.S.C. § 3729, and the costs of this action, with interest, including the costs to the Government for its expenses related to this action;

(b) That Denenea be awarded all costs incurred, including reasonable attorneys' fees;

(c) That, in the event the Government continues to proceed with this action, Denenea be awarded an amount for bringing this action of at least 15% but not more than 25% of the proceeds of the action or settlement of the claims;

(d) That, in the event the Government does not proceed with this action, Denenea be awarded an amount that the Court decides is reasonable for collecting the civil penalty and damages, which shall be not less than 25% nor more than 30% of the proceeds of the action of the settlement;

(e) That Denenea be awarded prejudgment interest;

(f) That a trial by jury be held on all issues so triable; and

(g) That the Government and Denenea receive all relief, both in law and equity, to which they may reasonably appear entitled.

RESPECTFULLY SUBMITTED,

RICHARD C. TRAHANT (Bar No. 22653) (T.A.)
ATTORNEY AT LAW
2908 Hessmer Avenue
Metairie, Louisiana 70002
Telephone: (504) 780-9891
Facsimile: (504) 780-7741
Email: trahant@networktel.net

- and -

JACK E. MORRIS (Bar No. 22539)
ATTORNEY AT LAW
4051 Veterans Boulevard, Suite 208
Metairie, Louisiana 70002
Telephone: (504) 454-2769
Facsimile: (504) 454-3855
Email: jem@jemorrislaw.com

- and -

_____
BRIAN G. SHEARMAN (Bar No. 19151)
SHEARMAN - DENENEA, L.L.C.
4240 Canal Street
New Orleans, Louisiana 70119
Telephone: (504) 304-4582
Facsimile: (504) 304-4587
Email: bshearman@midcitylaw.com

*Attorneys for Relator, John H. Denenea, Jr.*