

2010 SEP 17 PM 4:38

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>ex rel., UNDER SEAL | * | CIVIL ACTION |
| | * | NUMBER: 07-2795 |
| Plaintiff, | * | SECTION : "J" (1) |
| v. | * | |
| UNDER SEAL | * | |
| Defendant | * | |

\*   \*   \*

**THE UNITED STATES' NOTICE THAT IT
IS NOT INTERVENING AT THIS TIME AND MOTION TO LIFT SEAL**

___Fee_____
___Process_____
_x_ Dktd_____
___CtRmDep_____
___Doc. No._____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>EX REL., JOHN H. DENENEA, JR.,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant | *<br>*<br>*<br>*<br>*<br>*<br>*   *   * | CIVIL ACTION<br><br>NUMBER: 07-2795<br><br>SECTION : "J" (1) |

### THE UNITED STATES' NOTICE THAT IT
### IS NOT INTERVENING AT THIS TIME AND MOTION TO LIFT SEAL

NOW COMES the United States of America, through the undersigned Assistant United States Attorney, and upon suggesting to the Court:

1.      This case was filed pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730, et seq., which permits a private party (called a "relator") to bring suit to recover damages allegedly suffered by the United States due to fraud. Under the FCA, the action remains under seal for at least 60 days during which the United States may elect to intervene and assume primary responsibility for prosecuting the case. The 60-day period may, however, be extended upon application of the Government for good cause shown. The current seal will expire on September 20, 2010.

2.      During the last seal extension period, and while the United States was still investigating the relator's allegations, it was brought to the undersigned's attention that a relator in another, unsealed *qui tam* case, *U.S. ex rel Branch Consultants, LLC v. Allstate Insurance Co., et al.*, Docket No. 06-

4091, pending before the Honorable Sarah Vance, was seeking leave of Court to add Allstate Insurance Company, the defendant in the instant case, as a defendant in the *Branch Consultants* case.[1] Because the addition of Allstate as a defendant in the *Branch Consultants* case could raise jurisdictional issues under 31 U.S.C. § 3730(b)(5) as to either the relator in *Denenea* or the relator in *Branch Consultants*, the United States, after obtaining leave of this Court, disclosed the existence of Denenea's *qui tam* complaint to the relator and the Court in *Branch Consultants* on or about March 12, 2010.[2]

3.  On March 22, 2010, the United States moved for the current extension of the seal, based on its ongoing investigation into the allegations asserted by Denenea. The relator opposed the United States' motion. The Court granted the United States' motion on March 23, 2010, extending the seal to September 20, 2010, the current seal deadline.

4.  The undersigned has recently learned that, on August 13, 2010, the Court in *Branch Consultants* granted Branch Consultants' motion for leave to file its Second Amended Complaint, adding Allstate as a defendant in the *Branch Consultants* case. With the addition of Allstate as a defendant in *Branch Consultants*, the question of whether the jurisdictional bar under 31 U.S.C. § 3730(b)(5) is triggered as to either the relator in *Denenea* or the relator in *Branch Consultants* arises.

---

[1] By way of background, Allstate had been named as a defendant in the original complaint filed by Branch Consultants on August 2, 2006 but had been dismissed by the District Court on October 17, 2007 on first-to-file grounds under 31 U.S.C. § 3730(b)(5). The District Court's dismissal of Allstate was affirmed by the Fifth Circuit on February 18, 2009. *See, United States ex rel Branch Consultants v. Allstate Insurance Company*, 560 F.3d 371, 379 (5th Cir. 2009).

[2] Since the *Branch Consultants* case was no longer under seal, there was no corresponding need to notify Denenea of the *Branch Consultants'* case. The United States did notify relator's counsel in *Denenea* that it was notifying the relator and the Court in *Branch Consultants* of the existence of Denenea's sealed *qui tam* complaint.

5. Although the United States' investigation of the allegations raised in the instant *qui tam* is ongoing, the United States avers that, under the circumstances, it is in the interests of justice for the United States to allow the relator's *qui tam* complaint and amended complaint to be unsealed and served on the defendant and for the matter to proceed, pursuant to 31 U.S.C. § 3730(c)(3).

THEREFORE, the United States files this notice that it is not intervening at this time, reserving its right to seek leave intervene at a later date for good shown pursuant to 31 U.S.C. § 3730(c)(3), and further,

MOVES THE COURT to unseal all filings made to date, *except* for the United States' applications for an extension of the seal and supporting memoranda and applications for partial lifting of the seal and supporting memoranda remain under seal because these documents contain information concerning the status of the Government's investigation and the future direction of the investigation and were provided to the Court alone for the sole purpose of evaluating whether to grant the Government's requests. Although the United States is not intervening at this time, it respectfully refers the Court to 31 U.S.C. § 3730(b)(1), which allows the relator to maintain the action in the name of the United States; providing, however, that the "action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." Id. Therefore, the United States requests that, should either the relator or the defendant propose that this action be dismissed, settled, or otherwise discontinued, this Court solicit the written consent of the United States before ruling or granting its approval.

Further, pursuant to 31 U.S.C. § 3730(c)(3), the United States requests that all pleadings filed in this action be served upon it; the United States also requests that orders issued by the Court be sent to the Government's counsel. The United States reserves its right to order any deposition transcripts,

to intervene in this action, for good cause, at a later date, and to seek the dismissal of the relator's action or claim under 31 U.S.C. § 3730(e)(4). The United States also requests that it be served with all notices of appeal.

A proposed order is submitted herewith for the Court's consideration.

                                         Respectfully submitted,

                                         JIM LETTEN
                                         UNITED STATES ATTORNEY

                                         SHARON D. SMITH (17146)
                                         Assistant United States Attorney
                                         Eastern District of Louisiana
                                         500 Poydras Street, Room B210
                                         New Orleans, Louisiana 70130
                                         Telephone: (504) 680-3004
                                         Email: sharon.d.smith@usdoj.gov

                                         Jay Majors
                                         Assistant United States Attorney
                                         U. S. Department of Justice
                                         Patrick Henry Building
                                         601 "D" Street
                                         Washington, DC  20530
                                         Telephone: (202) 307-0264
                                         Email: jay.majors@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice and proposed order has been served upon counsel for the relator by mailing the same to each, properly addressed and postage prepaid, this 20th day of September, 2010.

                                                Assistant United States Attorney