UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

----------------------------------------------------------------x
                                                   :

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| *ex rel.* JOHN H. DENENEA, JR., | :CIVIL ACTION NO. 07-2795 |
| | : |
| Plaintiff, | :SECTION: "J" (1) |
| | : |
| v. | :JUDGE: BARBIER |
| | : |
| ALLSTATE INSURANCE COMPANY, | :MAGISTRATE: SHUSHAN |
| | : |
| Defendant. | : |

----------------------------------------------------------------x

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT
ALLSTATE INSURANCE COMPANY'S MOTION TO DISMISS**

      Defendants Allstate Insurance Company respectfully requests that the Court take judicial notice of Exhibits 1 – 31, true and correct copies of which are attached hereto, pursuant to Federal Rule of Evidence 201.

      The Court may take judicial notice of facts that are "not subject to reasonable dispute in that they are either (1) generally known within the territorial jurisdiction . . . or (2) capable of accurate determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); *see Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996) (on a motion to dismiss, courts may consider "the facts stated in the complaint and the documents either attached to or incorporated in the complaint" and "matters of which they may take judicial notice").  As explained more fully below, judicial notice is properly taken of Exhibits 1-31.

11922987.2

1.  **Documents Filed in This Court (Exhibits 1 - 15)**

The Court may properly take judicial notice of a document that is part of the Court's own records and files, as are those documents attached as Exhibits 1 -15.  *See ITT Rayonier Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. 1981) (holding that "a court may . . . take judicial notice of its own records").

| Exhibit | |
|---|---|
| 1 | Complaint, *Weiss v. Allstate Ins. Co.*, No. 2:06-cv-3774, Dkt. 1 (E.D. La. filed July 17, 2005) |
| 2 | Memorandum In Opposition To Allstate Insurance Company's Motion For Summary Judgment, *Weiss v. Allstate Ins. Co.*, No. 2:06-cv-3774, Dkt. 55 (E.D. La. filed Feb. 27, 2007) |
| 3 | Allstate Insurance Company's Reply Memorandum In Support Of Motion For Summary Judgment, *Weiss v. Allstate Ins. Co.*, No. 2:06-cv-3774, Dkt. 90 (E.D. La. filed Mar. 16, 2007) |
| 4 | Complaint, *Shearman v. Allstate Ins. Co.,* No. 2:06-cv-2879, Dkt. 1 (E.D. La. filed June 1, 2006) |
| 5 | Allstate Insurance Company's Memorandum In Support Of Motion For Partial Summary Judgment, *Shearman v. Allstate Ins. Co.*, No. 2:06-cv-2879, Dkt. 59-1 (E.D. La. filed Aug. 23, 2007) |
| 6 | Complaint, *Majoue v. Allstate Ins. Co.*, No. 2:06-cv-4271, Dkt. 1 (E.D. La. filed Aug. 14, 2006) |
| 7 | Memorandum In Opposition To Allstate's Motion For Partial Summary Judgment, *Majoue v. Allstate Ins. Co.*, No. 2:06-cv-4271, Dkt. 30 (E.D. La. filed July 17, 2007) |
| 8 | Complaint, *United States ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co., et al.*, No. 2:06-cv-4091, Dkt. 1 (E.D. La. filed Aug. 2, 2006) |
| 9 | Notice Of The United States That It Is Not Intervening At This Time, *United States ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co., et al.*, No. 2:06-cv-4091, Dkt. 36 (E.D. La. filed May 18, 2007) |
| 10 | Order Unsealing Complaint, *United States ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co., et al.*, No. 2:06-cv-4091, Dkt. 25 (E.D. La. filed May 22, 2007) |
| 11 | First Amended Complaint, *United States ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co., et al.*, No. 2:06-cv-4091, Dkt. 49 (E.D. La. filed June 22, 2007) |

| | |
|---|---|
| **12** | Dismissal Order, *United States ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co., et al.*, No. 2:06-cv-4091, Dkt. 191 (E.D. La. filed Oct. 17, 2007) |
| **13** | Complaint, *Denenea v. Allstate Ins. Co.,* No. 2:07-cv-2795, Dkt. 1 (E.D. La. filed May. 4, 2007) |
| **14** | First Amended Complaint, *Denenea v. Allstate Ins. Co.,* No. 2:07-cv-2795, Dkt. 22 (E.D. La. filed Nov. 12, 2009) |
| **15** | The United States' Notice That It Is Not Intervening, *Denenea v. Allstate Ins. Co.,* No. 2:07-cv-2795, Dkt. 29 (E.D. La. filed Sept. 17, 2010) |

**2.    Documents Filed in Other Courts (Exhibits 16 - 21)**

The Court may properly take judicial notice of "'[documents] filed in another court to establish the fact of such litigation and related filings.'" *Nature Coast Collections, Inc., v. Consortium Serv. Mgmt., Group Inc.*, No. Civ. C-06-273, 2006 WL 3741930, at *2 (S.D. Tex. Dec. 18, 2006) (quoting *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998)).

| Exhibit | |
|---|---|
| **16** | Complaint, *United States ex rel. Rigsby v. State Farm Ins. Co.*, No. 1: 06-cv-433, Dkt. 1 (S.D. Miss. filed Apr. 26, 2006) |
| **17** | First Amended Complaint, *United States ex rel. Rigsby v. State Farm Ins. Co.*, No. 1: 06-cv-433, Dkt. 16 (S.D. Miss. filed May 22, 2007) |
| **18** | Order Unsealing Case, *United States ex rel. Rigsby v. State Farm Ins. Co.*, No. 1: 06-cv-433, Dkt. 25 (S.D. Miss. filed Aug. 1, 2007) |
| **19** | Order Denying Motion to Lift Stay, *United States ex rel. Rigsby v. State Farm Ins. Co.*, No. 1: 06-cv-433, Dkt. 52 (S.D. Miss. filed Dec. 4, 2007) |
| **20** | Complaint, *Cox v. Nationwide Mutual Ins. Co.*, No. 1:05-cv-436, Dkt. 1 (S.D. Miss. filed Sep. 20, 2005) |
| **21** | Complaint, *Fowler v. State Farm Fire and Cas. Co.*, No. 1:06-cv-489, Dkt. 1 (S.D. Miss. filed May 16, 2006) |

### 3. Congressional Testimony (Exhibits 22 - 27)

The Court may properly take judicial notice of congressional testimony. *Dingle v. Bioport Corp.*, 388 F.3d 209, 211 (6th Cir. 2004) (affirming judicial notice of congressional testimony for purposes of dismissing claim under False Claims Act).

| Exhibit | |
|---|---|
| 22 | *Nat'l Flood Ins. Program: Hearing Before the S. Comm. on Banking, Housing, and Urban Affairs*, 109th Cong. (2005) (statement of J. Robert Hunter, Dir. of Ins., Consumer Fed'n of America), 2005 WL 2661294 |
| 23 | *Nat'l Flood Ins. Program: Hearing Before the S. Comm. on Banking, Housing, and Urban Affairs*, 109th Cong. (2006) (statement of J. Robert Hunter, Dir. of Ins., Consumer Fed'n of America), 2006 WLNR 1848600 |
| 24 | *Waste, Fraud And Abuse in the Aftermath of Hurricane Katrina*: *Hearing Before the S. Comm. on Investigations of the H. Comm. on Homeland Security*, 109th Cong. (2006) (statement of Rep. Taylor) |
| 25 | 152 Cong. Rec. H4589-02 (2006) |
| 26 | H.R. Rep. No. 109-530 (Jun. 26, 2006) |
| 27 | 152 Cong. Rec. S7632-04 (2006), 2006 WL 1983078 |

### 4. News Articles (Exhibits 28 - 30)

The Court may properly take judicial notice "of the coverage and existence of newspaper and magazine articles." *United States ex rel. Lam v. Tenet Healthcare Corp.*, 481 F. Supp. 2d 673, 680 (W.D. Tex. 2006) (taking judicial notice of newspaper and other articles for purposes of dismissing cases under False Claims Act).

| Exhibit | |
|---|---|
| 28 | Rebecca Mowbray, Review To Look At Wind vs. Water: Label of Damage By Insurers Is Key, New Orleans Times-Picayune, May 19, 2006 |
| 29 | Anita Lee, *Taylor Sees Fraud In Insurer Denials: He Suspects NFIP, Taxpayers Being Cheated,* The Sun Herald (Biloxi, Miss.), Jun. 24, 2006 |

11922987.2

| 30 | Bill Swindell, *Lott, Taylor Continue Quest To Probe Flood Insurance Practices,* Congress Daily, Jul. 27, 2006 |

### 5. Government Accountability Office Report (Exhibit 31)

The Court may properly take judicial notice of Government Accountability Office reports. *Dingle,* 388 F.3d at 211 (affirming judicial notice of Government Accountability Office report for purposes of dismissing claim under False Claims Act); *see also R2 Invs. LDC v. Phillips,* 401 F.3d 638, 640 n.2 (5th Cir. 2005) ("a court may . . . take judicial notice of documents in the public record").

| Exhibit | |
|---|---|
| **31** | Gov't Accountability Office, *Nat'l Flood Ins. Program: New Processes Aided Hurricane Katrina Claims Handling, But FEMA's Oversight Should be Improved*, GAO-07-169 (Dec. 15, 2006), *available at* http://www.gao.gov/new.items/d07169.pdf |

WHEREFORE, the undersigned request that the Court take judicial notice of Exhibits 1-31, true and correct copies of which are attached hereto.

Dated:   October 14, 2010

Respectfully submitted,

BARRASSO, USDIN, KUPPERMAN
FREEMAN & SARVER, LLC

/s/ Judy Y. Barrasso
Judy Y. Barrasso, TA (2814)
jbarrasso@barrassousdin.com
909 Poydras Street, 24th Floor
New Orleans, Louisiana  70112
Telephone:  (504) 589-9700
Facsimile:   (504) 589-9701

Attorneys for Defendant,
Allstate Insurance Company

11922987.2

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has this date been served upon all parties to this suit through counsel by filing into the Court's electronic filing system and, for non-participants, via electronic mail, this 14th day of October, 2010.

/s/ Judy Y. Barrasso
JUDY Y. BARRASSO

11922987.2