UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA *EX REL.*     CIVIL ACTION
JOHN H. DENENEA, JR.

VERSUS     NO: 07-2795

ALLSTATE INSURANCE COMPANY     SECTION: R(1)

### ORDER AND REASONS

In this False Claims Act case arising out of Hurricane Katrina, defendant Allstate Insurance Company moves to dismiss.[1] Because this action is barred under the first-to-file rule, defendant's motion is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE.

### I. Background

This case arises out of the same circumstances as *United States ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*,

---

[1] R. Doc. 34.

No. 06-4091, (E.D.La. Jan. __, 2011), also decided today.  This background discussion will therefore be abbreviated and will concern only matters specific to this action.  In brief, Allstate sold Standard Flood Insurance Policies to homeowners under the Write-Your-Own program, under which flood claims are ultimately paid by the federal government.  *See generally* 44 C.F.R. § 62.23.  Allstate also sold wind policies to homeowners - including, allegedly, the very same homeowners to whom it sold flood policies.

John Denenea, an attorney who represented homeowners in suits against insurance companies after Hurricane Katrina, filed this *qui tam* action against Allstate on May 4, 2007.[2]  Denenea's original complaint alleges that in the wake of Hurricane Katrina, Allstate committed fraud with respect to three properties in Slidell, Louisiana.  Denenea alleges that Allstate inflated the flood claims on these properties, at the expense of the government, while understating the wind claims that Allstate had to pay under its homeowners insurance policies.  In other words, Denenea alleges that Allstate shifted losses from wind coverage to flood coverage, thus reducing the amount it had to pay homeowners and increasing the amount paid out by the government.

---

[2]  R. Doc. 1.

Denenea filed an amended complaint on November 12, 2009 that adds four exemplar properties but does not otherwise materially alter his allegations.[3]  Allstate now moves to dismiss on first-to-file, public disclosure, and Rule 9(b) grounds.

## II.  Standard

Although the defendant asserts numerous grounds for dismissal, the Court reaches only jurisdictional issues.  Rule 12(b)(1) requires dismissal of an action if the court lacks jurisdiction over the subject matter of the plaintiff's claim.  In ruling on a Rule 12(b)(1) motion to dismiss, a court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.  *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).  The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists.  *See United States ex rel. Ondis v. City of Woonsocket*, 587 F.3d 49, 54 (1st Cir. 2009); *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).  A

---

[3]    R. Doc. 22.

court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not necessarily prevent the plaintiff from pursuing the claim in another forum.  *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

**III. Discussion**

Under the first-to-file bar of 31 U.S.C. § 3730(b)(5), a relator may not "bring a related action based on the facts underlying the pending action."  This restriction is jurisdictional in nature.  *United States ex rel. Branch Consultants v. Allstate Ins. Co.*, 560 F.3d 371, 378 (5th Cir. 2009).  Because the Court must have jurisdiction as of the time the action was filed, *see Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000) (plaintiff may remedy inadequate jurisdictional allegations, but not "defective jurisdictional facts"), the Court will consider the jurisdictional facts as of the time Denenea filed the original complaint.  *See United States ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, No. 06-4091 (E.D.La. Jan. __, 2011) (discussing this issue at length, and requiring Branch to demonstrate that the Court had jurisdiction over the original complaint).

When Denenea filed his initial complaint on May 4, 2007, *United States ex rel Rigsby v. State Farm Ins. Co.*, No. 06-433 (S.D. Miss.) (filed on April 26, 2006) and *Branch* (filed on August 2, 2006) were both pending against Allstate. Thus, if *Denenea* is related to *Rigsby* or *Branch*, it is barred by the first-to-file rule.

The Fifth Circuit has applied an "essential facts" or "material elements" standard to § 3730(b)(5). Under that standard, "as long as the later-filed complaint alleges the same material or essential elements of fraud described in a pending qui tam action, § 3730(b)(5)'s jurisdictional bar applies." *United States ex rel. Branch Consultants v. Allstate Ins. Co.*, 560 F.3d 371, 378 (5th Cir. 2009); *see also United States ex rel. Duxbury v. Ortho Biotech Products, L.P.*, 579 F.3d 13, 32 (1st Cir. 2009) ("[a]ll courts that have addressed the issue" have applied an "essential facts" test). The complaints need not be identical for the first-to-file rule to bar the later action.

Denenea alleges the same essential loss-shifting scheme as *Rigsby* and *Branch*. The core of Denenea's claim is that at certain properties in New Orleans and Slidell, Louisiana, Allstate

> fabricat[ed] flood losses where none existed and substantially inflat[ed] the amounts of its insured flood insurance claims at the expense of the Government, while at

5

>the same time enriching Allstate by eliminating or substantially deflating its insureds' private homeowners wind insurance claims.[4]

Denenea also alleges that Allstate fabricated flood claims to reduce wind losses on a systemic basis not limited to the exemplar properties.[5] Similarly, the *Rigsby* complaint alleges that the defendants, including Allstate,

>made a corporate decision to misdirect and misallocate claims from those of hurricane coverage (which a company would be required to pay from its reserves or reinsurance) to flood claims that could be submitted and paid directly from the United States Treasury.[6]

Likewise, Branch alleges that the defendants in that case, including Allstate,

>defrauded NFIP by misattributing wind damage and other non-flood losses to the flood policies underwritten by the Government rather than correctly attributing such losses to causes that are covered by their homeowners policies.[7]

---

[4]  *Denenea*, R. Doc. 22, ¶14.  This quotation is from Denenea's First Amended Complaint, but it is simply a summary of the allegations contained in both the First Amended Complaint and the original complaint.

[5]  *Id.* at ¶19.

[6]  *Rigsby*, R. Doc. 2, at ¶33.  The quotations from *Rigsby* and *Branch* are from the original complaints because those were filed before Denenea's original complaint.  The "essential facts" analysis would not change if the amended complaints in *Rigsby* and *Branch* were considered.

[7]  *Branch*, R. Doc. 1, at ¶17.

The loss-shifting allegations in all three complaints are materially the same. *Denenea* is therefore barred under the first-to-file rule.

Denenea argues that *Branch* does not bar his suit because both relators have agreed to consolidate their actions. Aside from the fact that the suits have not actually been consolidated, a relator cannot avoid the first-to-file bar by consolidating his claim with an earlier action. In *United States ex rel. Fry v. Guidant Corp.*, No. 3:03-0842, 2006 WL 1102397 (M.D.Tenn. Apr. 25, 2006), for example, the court ruled that a relator could not "circumvent the first-to-file doctrine by seeking entrance to the action via amended complaint[.]" *Id.* at *6. Otherwise, the FCA's goal of preventing duplicative litigation would be undermined. *Id.; see also United States ex rel. Duxbury v. Ortho Biotech Products, L.P.*, 551 F.Supp.2d 100, 110 (D.Mass. 2008) (first-to-file bar cannot be "circumvented" by adding a relator whose claims would have been barred had they been brought on their own), *reversed in part on other grounds*, 579 F.3d 13 (1st Cir. 2009); *cf. Fed. Recovery Servs., Inc. v. United States*, 72 F.3d 447, 453 (5th Cir. 1995) (relator who was not an original source could not amend the complaint to add a new relator). In any event, *Rigsby* bars Denenea's complaint even if *Branch* does not.

Denenea also argues that his claims, unlike Branch's, encompass properties that were a total loss. This distinction does not appear on the face of the complaints, however, and it is therefore not relevant for first-to-file purposes. *See In re Natural Gas Royalties Qui Tam Litigation (CO2 Appeals)*, 566 F.3d 956, 964 (10th Cir. 2009) ("The first-to-file bar is designed to be quickly and easily determinable, simply requiring a side-by-side comparison of the complaints."). Moreover, in ruling that *Rigsby* barred Branch's allegations against State Farm and Allstate, the Fifth Circuit held that adding factual details and geographic locations does not allow a relator to avoid the first-to-file bar. *Branch*, 560 F.3d at 378. Denenea has merely added new properties to the alleged fraudulent scheme. Denenea makes the point that his complaint cannot be considered "parasitic" because *Rigsby* and *Branch* were both under seal at the time he filed the complaint, but the fact remains that Denenea's claim is duplicative and is barred under § 3730(b)(5).

Additionally, Denenea argues that *Rigsby* does not bar his action because the Rigsbys' allegations against Allstate have been voluntarily dismissed. The Rigsbys' allegations against Allstate were pending at the time Denenea filed his original complaint, however. As discussed at length in *Branch*, a pending action, even if later voluntarily dismissed, bars a relator from

8

bringing a related action. *See United States ex rel. Chovanec v. Apria Healthcare Group Inc.*, 606 F.3d 361, 362, 365 (7th Cir. 2010) (dismissing related action without prejudice because a first-filed complaint was pending at the time it was filed, even though first-filed action was later settled; noting that the realtor's ability to file a new suit could be impeded by *res judicata*, collateral estoppel, or the public disclosure bar); *United States ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1188 (9th Cir. 2001) (first-filed complaint that was pending at the time the relator brought suit barred the relator's action, even though the first-filed complaint had since been dismissed). Further, even if Denenea's argument were correct, *Branch* would still bar his claim.

Denenea's action is barred under the first-to-file rule of § 3730(b)(5) because he filed his original complaint when *Rigsby* and *Branch* were pending against Allstate. The Court therefore lacks jurisdiction over this matter.

## IV. Conclusion

For the foregoing reasons, Allstate's motion is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this <u>24th</u> day of January, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE